IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jeffrey S. Stroman, | ) | C/A No. 0:18-1632-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| York County Department of Social Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Jeffrey S. Stroman, proceeding *pro se*, brought this employment discrimination action pursuant to 28 U.S.C. § 1915, raising claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Family and Medical Leave Act ("FMLA"), 28 U.S.C. §§ 2601, et seq. (ECF Nos. 12 & 16.) This matter is now before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant York County Department of Social Services's ("DSS") motion to dismiss the Amended Complaint. (ECF No. 21.)

In response to DSS's motion, Plaintiff filed a Second Amended Complaint and response in opposition to the motion to dismiss (ECF No. 34). The court construes the Second Amended Complaint as a motion to amend because, pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff must now obtain leave of court or DSS's consent to amend his pleading. In the motion to amend, Plaintiff seeks to withdraw his FMLA and ADA claims, and instead assert claims of intentional infliction of emotion distress and defamation pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, et seq. ("SCTCA"). (ECF No. 34 at 3.) Plaintiff also seeks to add

PJG

a DSS employee and York County as defendants to this action, expressly purporting to assert claims against them pursuant to the SCTCA.[1] (Id. at 4.) In response, DSS argues Plaintiff's motion to amend is futile. (ECF No. 39.) DSS does not oppose Plaintiff's voluntary withdrawal of his federal claims. (Id.)

The court agrees that Plaintiff's motion to amend to assert SCTCA claims against those three defendants is futile, and therefore it is denied. (ECF No. 34); see Foman v. Davis, 371 U.S. 178 (1962) (holding that leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile); U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) ("Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave when justice so requires. Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal citations and quotation marks omitted); Johnson v. Oroweat Foods Co. 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). As DSS points out, the current defendant, York County Department of Social Services, is a local office of an arm of the State of South Carolina. See S.C. Code Ann. § 1-30-10-(A)(20) (enabling statute creating DSS as a state agency within the executive branch); S.C. Code Ann. § 43-1-10. The State of South Carolina

---

[1] Plaintiff has not provided a summons or Forms USM-285 to serve these prospective defendants.



and its agencies are immune from suit for damages in federal court under the Eleventh Amendment.[2] See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984). While immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. See S.C. Code Ann. § 15-78-20(e).

Moreover, the only claims Plaintiff seeks to bring are pursuant to the SCTCA. Under the SCTCA, the State expressly consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e); see also Pennhurst State School, 465 U.S. at n.9 (1984) (recognizing that a state must expressly consent to suit in a federal district court). Therefore, because the waiver of immunity extends only to suit in state courts, Plaintiff cannot bring a claim pursuant to the SCTCA in federal court, and his amendment is futile. See, e.g., Gaskins v. South Carolina, C/A No. 8:15-4456-JMC-JDA, 2016 WL 8677201, at *3 (D.S.C. Jan. 8, 2016) (observing that a claim sought to be filed initially in federal court under the South Carolina Tort Claims Act "is not permitted in this federal court because of the

---

[2] Because it is not considered an arm of the State for Eleventh Amendment purposes, proposed defendant York County does not enjoy immunity on that basis, unlike the field office of the Department of Social Services, which is a state agency. See Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency, 440 U.S. 391, 401 (1979) ("[T]he Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities[.]"); Gray v. Lewis, 51 F.3d 426, 431 (4th Cir. 1995) ("While states, state entities, and state officials are protected by the Eleventh Amendment, the Amendment erects no jurisdictional bar to suits against local governmental entities."). However, as set forth below, York County is still entitled to sovereign immunity subject to the limited waiver provided for in the SCTCA, which does not permit suit in federal court. See S.C. Code Ann. § 15-78-20(b) & (c) (reinstating sovereign immunity on the part of the political subdivisions of South Carolina and their employees while acting within the scope of their official duties, except where expressly waived under the Act).

PJG

Eleventh Amendment"), adopted by 2016 WL 3207855 (D.S.C. June 10, 2016); cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002) (holding that a State that voluntarily invokes the jurisdiction of the federal court by removing a case waives immunity for claims in which *it has consented to suit in its own courts*).

Accordingly, it is

**ORDERED** that Plaintiff's motion to amend is denied. Additionally, the court

**RECOMMENDS** that Plaintiff's request to voluntarily withdraw his federal claims be granted and the entire case be dismissed without prejudice.³ Any other pending motions (ECF No. 21) should be terminated as moot.

_____
October 17, 2018　　　　　　　　　　　　　　Paige J. Gossett
Columbia, South Carolina　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

³ Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. See Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).