IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jeffrey S. Stroman, | ) | C/A No. 0:18-1632-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| York County Department of Social Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jeffrey S. Stroman, a self-represented litigant, filed this employment action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Family and Medical Leave Act ("FMLA"), 28 U.S.C. §§ 2601, et seq. This matter is before the court on the plaintiff's motion for appointment of counsel. (ECF No. 59.)

Generally, there is no constitutional right to appointed counsel in civil actions, such as FMLA and ADA cases. See, e.g., Mallard v. United States District Court, 490 U.S. 296, 302 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Johnson v. City of Port Arthur, 892 F. Supp. 835, 840 (E.D. Tex. 1995) ("[C]ourts utilize the same analysis for appointment of counsel requests in ADA cases as in Title VII cases."); Ojelade v. Unity Health Care, Inc., 962 F. Supp.2d 258, 261 (D.D.C. 2013) (citing Title VII cases in an FMLA action). Whether to grant a litigant's request for appointment of counsel is within the discretion of the district courts. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196 (2d Cir. 2003); Young, 911 F. Supp. at 211.

Some actions, such as those brought under Title VII or the ADA, provide statutory discretionary authority for a litigant to request appointment of counsel "in such circumstances as the

court may deem just." 42 U.S.C. § 2000e-5(f)(1); see also 42 U.S.C. § 12117(a) (ADA) (applying by reference the powers, remedies, and procedures in § 2000e-5). However, the circumstances under which a litigant is entitled to appointed counsel are limited. See 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."); Jason, 872 F. Supp. at 1579. Section 1915(e)(1) provides courts discretion to "request an attorney to represent any person unable to afford counsel." Additionally, a plaintiff must present "exceptional circumstances." Miller v. Simmons, 925 F.2d 962, 966 (4th Cir. 1987) (citing Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975)).

Neither the United States Supreme Court nor the Court of Appeals for the Fourth Circuit has considered how a district court should exercise its discretion to appoint counsel. Other circuits considering appointment of counsel under § 2000e-5(f)(1) have stated that a district court should consider the following factors: (1) the plaintiff's financial resources; (2) the efforts of the plaintiff to retain counsel; and (3) the merits of the plaintiff's case. See, e.g., Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990); Poindexter v. Fed. Bureau of Investigation, 737 F.2d 1173, 1185 (D.C. Cir. 1984); Bradshaw v. Zoological Soc'y, 662 F. 2d 1301, 1318 (9th Cir. 1981). Some circuits have also considered the plaintiff's ability to represent himself. See Hunter v. Dep't of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988); Poindexter, 737 F.2d at 1185. Finding this authority persuasive, as have other courts in this circuit, this court will review the plaintiff's request for appointment of counsel under these four factors. See Tyson v. Pitt Cnty. Gov't, 919 F. Supp. 205, 207 (E.D.N.C. 1996); Young, 911 F. Supp. at 211.

Upon review of the file, the court has determined that while the first factor may weigh in the plaintiff's favor, the second, third, and fourth factors weigh heavily against appointment of counsel.

Although the plaintiff's motion summarily states that he has been "diligent" in his efforts to obtain counsel but has not been successful, he provides no further details of such efforts to the court.

The plaintiff also contends that his current health condition prevents him from litigating his case, referencing the claims he presented in his Complaint. However, the plaintiff has presented no current medical evidence supporting a finding that any health issues would interfere with his ability to prosecute his claims. Upon review of the file, the plaintiff's filings thus far demonstrate a capacity to present his claims. Based on the pleadings before the court, the plaintiff writes well and appears capable of thoroughly and competently addressing the legal issues. Accordingly, the plaintiff has failed to present any exceptional or unusual circumstances at this time that would justify his request for counsel under 28 U.S.C. § 1915(e)(1), nor would the plaintiff be denied due process if his request were not granted. Accordingly, the plaintiff's request for a discretionary appointment of counsel is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 8, 2019
Columbia, South Carolina