IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jeffrey S. Stroman, | ) | C/A No. 0:18-1632-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| York County Department of Social Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Jeffrey S. Stroman, proceeding *pro se*, brought this employment discrimination action pursuant to 28 U.S.C. § 1915, raising claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Family and Medical Leave Act ("FMLA"), 28 U.S.C. §§ 2601, et seq. (ECF Nos. 12 & 16.) This matter was recommitted to the assigned magistrate judge with instructions from the assigned district judge to address the FMLA and ADA claims in the context of the defendant's motion to dismiss.[1] (See Order, ECF No. 46 at 3; Def.'s Mot. to Dismiss, ECF No. 21.)

Following the issuance of the district judge's order, Stroman filed an amended complaint which the court construed as a motion to amend because, pursuant to Federal Rule of Civil Procedure 15(a), Stroman must now obtain leave of court or the defendant's consent to amend his pleading. In his motion to amend, Stroman seeks to add new claims pursuant to 42 U.S.C. § 1983 and the

---

[1] In response to the defendant's motion to dismiss, Plaintiff withdrew his FMLA and ADA claims (ECF No. 34-3 at 1), but following issuance of the court's report and recommendation, he expressed his intent to retract his withdrawal (ECF No. 45).



Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (ECF No. 49.) In response, the defendant argues Stroman's motion to amend is untimely and futile. (ECF No. 51.)

## BACKGROUND

For approximately three years, Stroman was a full-time employee of the York County Department of Social Services ("the Department") and held the position of Human Services Specialist II. At some point during this employment, Stroman began having medical issues and informed the Department's human resources liaison that he needed to take sick leave. According to Stroman, he was approved by human resources to take leave under the FMLA. Stroman alleges that while out on FMLA leave, he continued to submit medical documentation to his employer showing his continued need to remain on leave; however, after he had been on leave for approximately five weeks, the Department's director informed him by letter that he would be terminated if he did not provide "additional medical information." Stroman alleges that he complied, but that he received a letter dated March 22 informing him that he was being terminated from his position. Additionally, Stroman alleges that, apparently as a result of his termination, his health insurance was discontinued, he was unsuccessful in applying for employment benefits, and he was denied disability insurance. Stroman alleges that he was terminated as a result of his medical condition in violation of the FMLA and Title I of the ADA, and he appears to allege that the events that followed his termination are evidence of retaliation by the Department in violation of the FMLA and ADA. (See generally Am. Compl., ECF No. 12; see also Order, ECF No. 16.)

**DISCUSSION**

**A.      Applicable Standards**

In its motion, the defendant seeks dismissal of Stroman's claims based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines.  The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual

content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Plaintiff's FMLA and ADA Claims**

The sole defendant, York County Department of Social Services, is a local office of an arm of the State of South Carolina.  See S.C. Code Ann. § 1-30-10-(A)(20) (enabling statute creating the department of social services as a state agency within the executive branch); S.C. Code Ann. § 43-1-10.  The State of South Carolina and its agencies are immune from suit for damages in federal court under the Eleventh Amendment.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984).  While immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.  See S.C. Code Ann. § 15-78-20(e).

In its motion, the defendant contends that Stroman's FMLA claim—because it is brought pursuant to the self-care provision of the FMLA—is barred by the Eleventh Amendment.  The court agrees, as Supreme Court precedent is clear on this point.  See Coleman v. Court of Appeals of Md., 566 U.S. 30 (2012) (distinguishing the FMLA's self-care provision from its family-care provision and affirming that Eleventh Amendment immunity protects states from suits under the FMLA's self-care provision for money damages ).  As described above, Stroman's claim unequivocally relates to medical leave taken by Stroman for his own medical condition, rather than to take care of a family member.  Accordingly, Stroman's FMLA claim fails as a matter of law.

Likewise, Stroman's Title I ADA claim is also barred by the Eleventh Amendment.  See Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001) (holding that Congress has not abrogated the States' Eleventh Amendment immunity from suits for money damages under Title I

of the ADA, which prohibits employment discrimination against the disabled). Accordingly, this claim should also be dismissed.

**C.      Plaintiff's Motion to Amend**

Following issuance of the district judge's order, Stroman seeks to add new claims pursuant to 42 U.S.C. § 1983 and Sections 503 and 504 of the Rehabilitation Act of 1973. (ECF No. 49.) As an initial matter, it is noted that although Stroman raised to the district judge in his objections to the court's report and recommendation his intention to submit these new claims, the district judge made no allowance for such claims or directives regarding new amendments when she recommitted the matter to the assigned magistrate judge. Rather, she specifically directed the assigned magistrate judge to consider the federal claims as pled and addressed in the defendant's pending motion to dismiss.

To the extent Plaintiff's motion to amend is futile, it should be denied. (ECF No. 49); see Foman v. Davis, 371 U.S. 178 (1962) (holding that leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile); U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) ("Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave when justice so requires. Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal citations and quotation marks omitted); Johnson v. Oroweat Foods Co. 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous

PJG

on its face."). As the defendant points out, Stroman's § 1983 claim fails as a matter of law because the York County Department of Social Services is not a "person" amenable to suit. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). As held by the Supreme Court, a state agency is not a "person" subject to liability under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983). Accordingly, any claim for damages pursuant to § 1983 that Stroman attempts to bring against this defendant is futile.

Stroman also attempts to add a claim pursuant to Sections 503 and 504 of the Rehabilitation Act of 1973. As argued by the defendant, there is no private cause of action available under § 503 of the Rehabilitation Act, and any such claim is therefore futile. See Painter v. Horne Bros., Inc., 710 F.2d 143 (4th Cir. 1983); Connor v. Nucor Corp., C/A No. 2:14-4145, 2015 WL 5785510, at *5 (D.S.C. Sept. 30, 2015). The defendant argues that Stroman's claim pursuant to § 504 of the Rehabilitation Act of 1973 should be dismissed for failure to state a claim upon which relief can be granted. However, Stroman's proposed amended complaint appears to contain enough facts to state a claim for relief under § 504 of the Rehabilitation Act that is plausible on its face; at least, the court

cannot say at this juncture that it is futile.[2]  (See, e.g., Proposed Am. Compl. Counts 2 & 5, ECF No. 49 at 12-13, 17-18.)

Nonetheless, Stroman's proposed amendment was untimely filed pursuant to the court's Scheduling Order.  (See ECF No. 24.)  Although Stroman has also filed a proposed amended scheduling order which the court interpreted as a motion to amend the current scheduling order, Stroman has offered no cause to extend the expired deadlines.  See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

Accordingly, it is

**ORDERED** that Plaintiff's motion to amend his complaint and motion to amend the scheduling order are denied without prejudice to refile within fourteen days from the date of this Order and Report and Recommendation.  (ECF Nos. 49 & 50.)  If Plaintiff elects to refile his motions, he must present good cause for any extension of the scheduling order's expired deadlines, and his motion to amend his complaint must contain an attached proposed amended complaint **only** as to his claim pursuant to § 504 of the Rehabilitation Act of 1973.  The court further

---

[2] In general, a plaintiff seeking recovery under § 504 must allege that (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was "excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [his] disability."  Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005).  Additionally, a plaintiff seeking relief under § 504 must prove that the defendant's discriminatory conduct was "solely by reason" of the plaintiff's disability.  Baird v. Rose, 192 F.3d 462, 469-70 (4th Cir. 1999).

PJG

**RECOMMENDS** that the defendant's motion to dismiss be granted. (ECF No. 21.)

February 7, 2019
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).