# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Jeffrey S. Stroman, ) | |
| ) | Civil Action No. 0:18-cv-01632-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| York County Department of Social Services, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Jeffrey S. Stroman, proceeding *pro se*, filed an action alleging employment discrimination under 28 U.S.C. § 1915 (2010), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 (2011), and the Family and Medical Leave Act ("FMLA"), 42 U.S.C. § 2601 (2012). (ECF Nos. 1, 12.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 8, 2019. (ECF No. 61.)

For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 61), **DENIES** Plaintiff Jeffrey S. Stroman's Third Motion to Amend the Amended Complaint (ECF No. 66), and **GRANTS** Defendant York County Department of Social Services' Motion to Dismiss (ECF No. 21).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which the court incorporates herein without full recitation. (ECF No. 61 at 2.) On June 14, 2018, Plaintiff filed a Complaint (ECF No. 1) against the South Carolina Department of Social Services ("SCDSS") claiming employment discrimination and violations of the ADA and FMLA.

On August 1, 2018, Plaintiff filed an Amended Complaint substituting SCDSS with the above-captioned Defendant. (ECF No. 12.)

1

On August 31, 2018, Defendant filed a Motion to Dismiss for failure to state a claim and lack of subject matter jurisdiction. (ECF No. 21 (citing Fed. R. Civ. P. 12(b)(6), 12(b)(1).)

On October 10, 2018, Plaintiff filed a Motion to Amend the Complaint, withdrawing the FMLA and ADA claims and substituting claims for intentional infliction of emotional distress and defamation under the South Carolina Torts Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10 (2019). (ECF No. 34 at 3.) Defendant did not oppose Plaintiff's voluntary withdrawal of the federal claims. (ECF No. 39.)

On October 18, 2018, the Magistrate Judge issued a Report denying Plaintiff's Motion to Amend (ECF No. 34) as futile because Defendant is entitled to immunity in federal court for actions brought under the SCTCA and recommending that the court dismiss the entire case without prejudice. (ECF No. 40 at 2-4.)

On November 11, 2018, the court rejected the Report (ECF No. 40) and recommitted the case to the Magistrate Judge to address the FMLA and ADA claims because Plaintiff's untimely objection (ECF No. 45) requested an extension to re-file his FMLA and ADA claims. (ECF No. 46 at 3.)

On December 3, 2018, Plaintiff filed a Second Motion to Amend the Complaint (ECF No. 49) seeking to add claims under 42 U.S.C. § 1983 (1996) for deprivation of rights and 29 U.S.C. § 701 ("The Rehabilitation Act of 1973"). On December 14, 2018, Plaintiff filed a Motion to Amend the Scheduling Order (ECF No. 50).[1]

---

[1] The Magistrate Judge observed that: "Following issuance of the district judge's order (ECF No. 46), [Plaintiff] seeks to add new claims . . . [a]s an initial matter, it is noted that although [Plaintiff] raised to the district judge his objections to the court's report and recommendation his intention to submit these new claims, the district judge made no allowance for such claims or directives regarding new amendments when she recommitted the matter to the assigned magistrate judge . . . she specifically directed to assigned magistrate judge to consider the federal claims as pled and addressed in the defendant's motion to dismiss." (ECF No. 61 at 6.)

On February 8, 2019, the Magistrate Judge issued a Report and Recommendation denying Plaintiff's Second Motion to Amend the Complaint (ECF No. 49) and Motion to Amend the Scheduling Order (ECF No. 50) with leave to refile within two weeks, i.e., February 22, 2019. (ECF No. 61.) The Report notified Plaintiff that, if he chose to refile, there must be a show of good cause to modify the scheduling order and that he must only discuss Section 504 of the Rehabilitation Act. (ECF No. 61 at 7-8.) In addition, the Report recommends granting Defendant's Motion to Dismiss (ECF No. 21) pursuant to Fed. R. Civ. P 12(b)(6) for Plaintiff's failure to state a claim as to his causes of action for employment discrimination under the FMLA and the ADA. (ECF No. 61 at 9.)

On February 22, 2019, Plaintiff filed timely objections to the Report. (ECF No. 65.) In addition, and on the same day, Plaintiff filed a Third Motion to Amend the Complaint (ECF No. 66), to which Defendant responded (ECF No. 69.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

A. <u>Plaintiff's Specific Objection</u>

The Report instructed Plaintiff to show good cause to amend the scheduling order (ECF No. 24) issued by the Magistrate Judge on September 4, 2018. (ECF No. 61 at 8.) Plaintiff asserts that he "inadvertently miss[ed] the deadline to file" his motions to amend, and he also seems to claim that proceeding *pro se*, by itself, establishes good cause. (ECF No. 65 at 3.)

After a scheduling order deadline lapses, "the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). A motion to amend a complaint after a deadline set forth in the scheduling order triggers both Rule 15(a) and Rule 16(b). Under Rule 15, the court "should freely grant leave when justice

4

so requires," Fed. R. Civ. P. 15(a)(2), but Rule 16 provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b).

The court first resolves Plaintiff's Motion to Amend the Scheduling Order before discussing his proposed amendments to the Amended Complaint (ECF No. 66). *See Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003) ("Once the scheduling order's deadline for amendment of pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b)").

The good cause standard under Rule 16 "focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 372 (D. Md. 2002). Moreover, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va. 1995) (citations omitted). The Fourth Circuit Court of Appeals has recognized that Rule 16 applies a more stringent standard than Rule 15. *See* <u>Parvizian,</u> 535 F.3d at 299. ("[Plaintiff] urges us to adopt a new standard, reading Rule 16(b) in light of Rule 15(a)'s liberal allowances. We refuse to do so.")

Here, "inadvertently missing deadlines," "inadvertently leading myself in the wrong direction when filing claims under SCTCA," and "by mistake [making] a request to withdraw claims under the FMLA and ADA" demonstrate Plaintiff's "[l]ack of diligence and carelessness [that] are 'hallmarks of failure to meet the good cause standard.'" *West Virginia Housing Dev. Fund. v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

The court finds that there is no good cause to support the modification of the scheduling

5

order. Accordingly, there is no reason to consider the merits of Plaintiff's Third Motion to Amend the Complaint (ECF No. 66).

B. Plaintiff's General Objection

Plaintiff has devoted his objection to the Report on the issue of good cause. (ECF No. 65 at 1-3.) In the absence of specific objections, the court must only satisfy itself that there is no clear error on the face of the record. *See Diamond*, 416 F.3d at 315. As mentioned above, the court rejected the Report (ECF No. 40) and recommitted the case to the Magistrate Judge to address pending FMLA and ADA claims in the context of Defendant's Motion to Dismiss (ECF No. 21).

The Report provides that Defendant is a state agency in the State of South Carolina, thereby rendering Defendant immune under the Eleventh Amendment of the United States Constitution. (ECF No. 61 at 5 (citing S.C. Code Ann. § 1-30-10 (2019).) The Supreme Court has recognized that "the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which States enjoyed before the ratification of the Constitution, and which they retain today . . . ." *Alden v. Maine*, 527 U.S. 706, 712-713 (1999).

As to Plaintiff's FMLA claim, the Court has held that "Congress did not validly abrogate the States' immunity from suit for money damages for violations of the self-care provision of the [FMLA]." *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 44 (2012). As the Magistrate Judge held, Plaintiff's claim "unequivocally relates to medical leave taken by [Plaintiff] for his own medical condition, rather than to take care of a family member." (ECF No. 61 at 5.) Therefore, the Eleventh Amendment precludes Plaintiff's FMLA claim.

Plaintiff's ADA claim is also barred by the Eleventh Amendment because the Court has determined that Congress did not abrogate the States' immunity from suits for money damages by

6

enacting the ADA. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 368 (2001).

Therefore, the court finds there is no clear error on the face of the record.

## IV. CONCLUSION

For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 61), **DENIES** Plaintiff Jeffrey S. Stroman's Third Motion to Amend the Amended Complaint (ECF No. 66), and **GRANTS** Defendant York County Department of Social Services' Motion to Dismiss (ECF No. 21).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 5, 2019
Columbia, South Carolina